UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY AUSTINE UKOFIA, | Case No. 09-CV-0017 (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT; KENNETH OLSON and Five Other Unknown Deportation Officers of the Bureau of Immigration & Customs Enforcement; SHERBURNE COUNTY JAIL CLINIC; CARI NLN, a nurse at the Clinic; DEPARTMENT OF HOMELAND SECURITY; AMY ZASKE; TERRY LOUIE; JARED DRENGSON; SHERBURNE COUNTY JAIL; RACHEL CANNINGS; DR. LEONARD; BUREAU OF IMMIGRATION APPEALS; SCOTT BANIECKE, | |
| Defendants. | |

Anthony Austine Ukofia, pro se.

Friedrich A. P. Siekert, UNITED STATES ATTORNEY'S OFFICE, for defendants Kenneth Olson and Five Other Unknown Deportation Officers of the Bureau of Immigration & Customs Enforcement.

Plaintiff Anthony Ukofia brings an excessive-force claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against defendants Kenneth Olson and five unnamed officers of the Bureau of Immigration & Customs Enforcement ("ICE").[1] Ukofia's excessive-force claim arises out of defendants' application of restraints to Ukofia's legs while he was detained by ICE. This matter is before the Court on Ukofia's

---

[1] All of Ukofia's other claims were previously dismissed. *See* Docket No. 49.

objection to the November 23, 2010 Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham.  Docket No. 93.  Judge Graham recommends granting defendants' motion for summary judgment with respect to Ukofia's excessive-force claim and denying Ukofia's motion for leave to file a third amended complaint.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Ukofia's objection and adopts the R&R.

Ukofia's primary objection to the R&R is that its description of the facts "conflicts" with the description of the facts in an R&R dated January 19, 2010.  Docket No. 43.  There is, in fact, no conflict.  In the earlier R&R, Judge Graham summarized *Ukofia's allegations*.  In the R&R now under review, Judge Graham summarized the *evidence*.  It is true that some of the evidence refutes some of Ukofia's allegations, but that is obviously not a reason to deny defendants' motion for summary judgment.

Ukofia also complains generally that Judge Graham ignored evidence in the record that supports his excessive-force claim.  For example, Ukofia alleges that (1) medical records show that he previously had surgery on his ankle, thus making leg restraints inappropriate; (2) defendants attacked, punched, and slammed him to the floor in order to apply the leg restraints; (3) an ICE agent corroborated Ukofia's complaint of a "broken spine" and ankle pain after defendants attacked him; and (4) Ukofia in fact suffered damage to his spine as a result of the attack.  Ukofia, however, has not submitted any *evidence* supporting these allegations.

Instead, the undisputed evidence in the record demonstrates that (1) a nurse informed defendants that Ukofia had no medical restrictions that would prevent the application of the leg restraints, First Olson Decl. ¶ 13; (2) after Ukofia physically resisted the application of restraints,

defendants used a minimal amount of force to gain compliance, Rodkewich Decl. ¶ 6, Matsch Decl. ¶ 6, Navarro Decl. ¶ 6, Anderson Decl. ¶ 6; (3) Ukofia had freedom of movement in his limbs and back after the incident, Navarro Decl. ¶ 7; and (4) although Ukofia suffered a minor scrape to his left shin and temporary decreased range of motion in his triceps and shoulders, Dr. Leonard never diagnosed him with spinal damage, Bancroft Decl. ¶¶ 7-10.

Having reviewed the evidence in the record, the Court agrees with Judge Graham that defendants are entitled to summary judgment. The Court adopts the R&R and dismisses Ukofia's excessive-force claim with prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [Docket No. 96] and ADOPTS the R&R [Docket No. 93]. IT IS HEREBY ORDERED THAT:

1. The motion of defendants Kenneth Olson and Five Other Unknown Deportation Officers of the Bureau of Immigration & Customs Enforcement for summary judgment [Docket No. 78] is GRANTED.

2. Plaintiff's excessive-force claim is DISMISSED WITH PREJUDICE.

3. Plaintiff's motion for leave to file a third amended complaint [Docket No. 91] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 29, 2011        s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge